UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 24 C 4134 |
| v. | ) ) ) ) | Judge Sara L. Ellis |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNIDENTIFIED ASSOCIATES IDENTIFIED ON SCHEDULE A, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Shenzhen Jisu Technology Co, Ltd. ("Jisu") sued twenty entities listed in Schedule A of its complaint for patent infringement of three different patents. Jisu has voluntarily dismissed Defendants No. 2, 3, and 14. Now, Defendant Galaxyer ("Galaxyer") moves to dismiss the complaint against it for failure to comply with Federal Rule of Civil Procedure 20. Because Jisu's claim against Galaxyer does not arise from the same transaction, occurrence, or serious of transaction or occurrences as the other Defendants, the Court grants Galaxyer's motion to dismiss without prejudice for improper joinder.

## BACKGROUND

Jisu, a company with its principal place of business in China, owns JISULIFE, an online portable fan retailer. Jisu does business in the United States through online e-commerce platforms and physical stores. Jisu is the owner of three related patents for neck fans.

On May 20, 2024, Jisu filed this case, suing twenty vendors—all of whom sell their products on Amazon and Temu, e-commerce platforms—for violating Jisu's patents.

Defendants are all entities who primarily reside in foreign jurisdictions. Jisu asserted that it had information that all Defendants target their business activities toward United States consumers, including those in Illinois. Further, Jisu alleges that Defendants use similar design elements to each other in their e-commerce stores, including the same keywords, text, or graphics.

On July 15, 2024, this Court granted Jisu's motion for a preliminary injunction against all Defendants.

## ANALYSIS

Under Federal Rule of Civil Procedure 20, a plaintiff may join multiple defendants in a single action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) a "question of law or fact common to all defendants" exists. Fed. R. Civ. P. 20(a)(2)(A)–(B). When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). However, this discretion is not unlimited as "[u]nrelated claims against different defendants belong in different suits." *Id.* "The remedy for misjoinder of otherwise proper claims is severance or dismissal without prejudice." *Id.*; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

The America Invents Act ("AIA"), codified at 35 U.S.C. § 299, imposes a "higher standard for joinder in patent cases." *Cozy Comfort Co. v. Individuals, Corps. Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 16563, 2024 WL 2722625, at *8 (N.D. Ill. May 28, 2024) (citation omitted). The AIA provides, in relevant part:

> [P]arties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

2

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). Further, the statute provides that accused infringers may not be joined "based solely on allegations that they each have infringed the patents or patents in suit." *Id.* § 299(b).

Claims against different defendants arise out of the same transaction or occurrence when "there is a 'logical relationship' between them." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* (citation omitted). For instance, a logical relationship between defendants exists where defendants are corporately related. *Hangzhou Chic Intelligent Tech. Co. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 2690873, at *1 (N.D. Ill. June 9, 2021). However, "[a] claim that the defendants infringed on [the plaintiff's] design in the same way" is not enough to establish that the defendants' infringements are part of "the same transaction, occurrence, or series of transactions or occurrences" under § 299. *Tang*, 2024 WL 68332, at *2; *see also Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) ("Courts in the Northern District of Illinois have held

3

that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark.").

Here, Jisu has not established a logical relationship between Defendants beyond that they sell similar products through similar online stores. *See Tang*, 2024 WL 68332, at *2 (finding that joinder was not proper when a "Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way"). Further, that Defendants used similar images, descriptions, advertisements, and store design elements to sell their products does not necessarily establish a logical relationship between them. *See Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024) ("[C]ounterfeiters copying the marketing and advertising on similar websites simply 'does not establish a logical relationship between every Defendant.'" (citation omitted)).

Finally, Jisu has not sufficiently suggested that Defendants engage in a coordinated swarm of infringement. *See Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 516–17 (N.D. Ill. 2020) (finding joinder could be proper where there is a swarm of defendants who are not transactionally or intentionally coordinated). Based on Jisu's allegations, Defendants are distinct competitors who independently sell products using similar means, which allegedly infringe on Jisu's patents, not part of a swarm infringing en masse and passing their products off as those of Jisu. *See Tang*, 2024 WL 68332, at *3 (rejecting an argument that defendants were a swarm of counterfeiters passing their products off as those of the plaintiff who owned the valuable trademark, when the facts alleged supported that the case involved distinct competitors infringing in the same manner).

Thus, Jisu has not adequately pleaded that Galaxyer's conduct is part of "the same transaction, occurrence, or series of transactions or occurrences" as the other Defendants. The Court dismisses Jisu's claims against Jisu without prejudice to refiling as a separate case.

## CONCLUSION

For the foregoing reasons, the Court grants Galaxyer's motion to dismiss for misjoinder [59]. The Court dismisses Jisu's claims against Galaxyer without prejudice.

Dated: November 20, 2024

_____
SARA L. ELLIS
United States District Judge